## CLARENCE I. ANTHONY, Appellant, *v.* FRANCES L. WOOD and Others, Respondents.

*Attachment — refusal to deliver property to the sheriff — the title of the sheriff, when the property is acquired, relates back to the time when he demanded the property.*

A person having under his control property, belonging to one against whom an attachment had been issued, refused to deliver the same to the sheriff or to give him the certificate required by section 650 of the Code of Civil Procedure. Thereafter he was compelled by an order made upon the application of the sheriff to deliver the property to the latter.

*Held*, that the sheriff's title thereto related back to the time when he made the demand for the property and certificate, and that such title had priority over the title of one claiming under an ssignment made by the debtor between the time of such refusal to deliver and the time of the actual delivery of the property to the sheriff.

APPEAL from a judgment in favor of the defendants, entered upon the trial of this action by the court without a jury, and from

an order made therein making Peter Bowe, sheriff of New York, a party defendant thereto.

*James L. Bishop,* for the appellant.

*Malcolm Graham* and *Henry G. Atwater,* for the respondents.

DYKMAN, J.:

This action is for the foreclosure of a mortgage executed to John P. Brooks, to secure a note, and by him assigned to the plaintiff. Two of the makers of the mortgage interposed an answer setting up for defense that the note and mortgage had been attached on the 2d day of June, 1881, by the sheriff of New York county, by virtue of a warrant of attachment issued to him in an action in the Supreme Court, by one Helen L. Hall against John P. Brooks. That the action was pending and the note and mortgage were in the possession of the sheriff.

Thereupon the sheriff was made a party defendant on his own application, and permitted to answer, which he did setting up the warrant of attachment and alleging that under it he had attached the note and mortgage and had taken them into his manual possession and claimed to hold them under the attachment. That the assignment by Brooks to the plaintiff was fraudulent, and made to delay and defraud his creditors and defeat the execution of the warrant of attachment, and asking for affirmative relief that the premises be sold and the proceeds paid to him to be held under the attachment.

On the trial the court found that John P. Brooks was the owner of the note and mortgage on the 2d day of June, 1881, and that on that day the sheriff levied on and attached the note and mortgage under the warrant of attachment. That on the 6th day of June, 1881, John P. Brooks assigned the note and mortgage to the plaintiff in this action, and that the assignment was made with the fraudulent intent to defeat the execution of the warrant of attachment, and to hinder the plaintiff in that suit in the collection of her debt, and that the plaintiff had notice of such fraudulent intent.

It was also decided that the sheriff was the legal owner of the note and mortgage, and entitled to collect them and that the defendants Wood were authorized to pay the same to the sheriff. That

on such payment the mortgage be canceled; and on failure to pay, the sheriff might enter the usual judgment of foreclosure.

We have now an appeal from the order making the sheriff a party defendant and from the judgment.

Whether the sheriff was properly allowed to come in as defendant depends on the effect of his action under the attachment warrant. If he made no levy, and acquired no rights under the attachment, then he has no interest, and is not a proper party to the action. On the 2d day of June, 1881, the note and mortgage belonged to John P. Brooks, the defendant in the attachment suit, but they were under the control of his attorney, Clark Brooks, who had placed them in the safe of a third person. On that day the deputy of the sheriff found Clark Brooks in his office and served him there with a copy of the warrant of attachment and the affidavit, and showed him the original. He also demanded the note and mortgage, and handed him a paper containing a general description of them, and made a demand for them, and asked him for a certificate. Clark Brooks told him he had nothing for him, and refused the certificate.

A levy under a warrant of attachment must be made on personal property, capable of manual delivery, including a promissory note or other instrument for the payment of money, by taking the same into the actual custody of the sheriff. (Code of Civil Procedure, § 649, sub. 2.)

On the application of the sheriff, holding a warrant of attachment, a person holding property, including a promissory note or other instrument for the payment of money belonging to the defendant, must furnish to the sheriff a certificate, under his hand, specifying the nature and description of the property held for the benefit of the defendant. (Sec. 650.)

If the person to whom application is made refuses to give the certificate, the court or judge may make an order directing him to submit to an examination, on oath, concerning the same. (Sec. 651.) After the refusal of Clark Brooks to deliver the note and mortgage, or give the certificate, the examination here contemplated was had. The Special Term refused to order the delivery of the papers, and that order was reversed by the General Term, and the papers were

surrendered to the sheriff, in pursuance of the decision of the General Term, about the 14th day of December, 1881.

The sheriff must collect and receive all debts and things in actions attached by him, and may maintain any action or special proceeding in his own name, or in the name of the defendant, which is necessary for that purpose, or to reduce to his actual possession an article of personal property capable of manual delivery, but of which he had been unable to obtain possession. (Sec. 655.)

From these provisions, taken together, it is evident that although a levy under an attachment warrant is to be made on property capable of manual delivery, including notes, bonds and mortgages, by taking the same into actual custody, yet where such property cannot be so reduced to possession, by reason of the refusal of the person in whose custody the property is to deliver the same, a method is provided by which such possession may be acquired. The special proceedings so to be instituted by the sheriff are in aid of the original process, and when the actual possession is obtained, it relates back to the time of attempted seizure; and the rights of the sheriff are the same as if he had obtained the actual possession at the time of his demand. (*Hall* v. *Brooks*, 25 Hun, 578.) In this view of the case, the sheriff acquired a special property in this note and mortgage, and became authorized to enforce their collection under the provisions of section 655 of the Code of Civil Procedure. The provisions to enable the sheriff to reduce to actual possession the property of a defendant in an attachment suit, where it is under control of another, are in aid of the process, and when it comes to the sheriff, he holds it under the original process. He can hold it by no other tenure, and can justify under nothing else. His duty is, then, to proceed in the collection of the debts and the disposition of the property seized. He makes title under the attachment warrant, and under that he must justify his action.

The true construction of these Code provisions for levying an attachment, and enabling the sheriff to obtain actual possession of the property, are all parts of the attachment proceedings. They constitute a complete system. If the sheriff finds the property, it is seized at once; if it is in the possession of another who refuses to yield it up, then proceedings are instituted to secure it; and in all cases, when obtained, it is held under the process, and the title

of the sheriff has relation to the time when he commenced to make the levy and seizure. His right to institute proceedings for the possession of the property depends on the lien he acquires by the service of the attachment. The title to the note and mortgage, therefore, passed to the sheriff on the 2d day of June, 1881, and the subsequent assignment to the plaintiff was subject to his rights under the attachment.

This examination shows that the order introducing the sheriff into the action was proper, and that the adjudication of his right to to collect the note and mortgage is justified.

It is unnecessary to determine the right of the sheriff to set up fraud in the transfer to the plaintiff. It is claimed that the sheriff may have the assignment of this bond and mortgage set aside as fraudulent, and so subject them to the operation of the attachment. The court below so held, but we place our decision on the first point examined.

The judgment should be affirmed, with costs.

CULLEN, J., concurred in the result; BARNARD, P. J., not sitting.

Judgment affirmed, with costs.